United States District Court
for the
Southern District of Florida

| Mary King, Plaintiff, | ) |
| --- | --- |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-22251-Civ-Scola |
| Carnival Cruise Lines, Inc., | ) |
| Defendant. | ) |
| | ) |

**<u>Order Striking Complaint and Requiring Amended Complaint</u>**

This matter is before the Court on an independent review of the record. This maritime tort action arises from injuries sustained by Plaintiff King when she slipped on a "pool" of ketchup on the deck of Defendant's ship. (ECF No. 1 at 2.)

The Plaintiff's complaint is a shotgun pleading. "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quotations and alterations omitted). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading.").

In the complaint, the Plaintiff asserts various theories of negligence in a single paragraph that spans 13 lines. (ECF No. 1 at 3-4.) The Plaintiff alleges negligent maintenance of the passageway, negligent supervision of employees, negligent failure to warn, and negligent design of the serving line and/or ketchup dispensing systems. (*Id.*) These district theories of liability should not be lumped together in one count for negligence. This kind of drafting has been rejected by this Court and other district courts. *See Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016) (Ungaro, J.) ("Simply alleging that Carnival owed Plaintiff a duty of 'reasonable care' in a conclusory fashion, while also pleading ["forty-one"] alleged breaches that purport to impose a heightened duty upon Carnival, is not sufficient to state a valid negligence claim under maritime law," and holding that "the burden will remain on Plaintiff to review her Complaint and ensure that each factual allegation is supported by law and plausible facts,

and is alleged in good faith."); *Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337, n.2 (S.D. Fla. 2012) (Moore, J.) (dismissing maritime negligence claim that "epitomizes a form of 'shotgun' pleading,'" where the plaintiff alleged that Defendant owed a duty of "reasonable care under the circumstances," and then "proceed[ed] to allege at least twenty-one ways in which Defendant breached this duty").

The Court also strikes Count II for *res ipsa loquitur*. (ECF No. 1 at 4.) "*Res ipsa loquitur* is [ ] not a separate cause of action; rather, it is an evidentiary doctrine that permits the trier of fact to infer negligence from circumstantial evidence." *Ghandi v. Carnival Corp.*, No. 13-24509, 2014 WL 1028940, at *2 (S.D. Fla. March 14, 2014) (Moreno, J.). While the theory of *res ipsa loquitur* may become relevant later in the case, it is not appropriate to plead it as a separate cause of action in the complaint. (*Id.*)

Further, the Plaintiff's demand for a jury trial is incompatible with a case proceeding solely under the Court's admiralty jurisdiction. *Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1366 (11th Cir. 2018) ("The most salient difference that proceeding in admiralty creates is the absence of a right to a jury trial."); *Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996) ("as in all admiralty cases, there is no right to a jury trial"); *Barry v. Shell Oil Co.*, No. CIVA 13-6133, 2014 WL 775662, at *3 (E.D. La. Feb. 25, 2014) ("As Plaintiff's claims here are solely based on general maritime law and there is a lack of diversity among the parties, there is no way for Plaintiff to have a trial by jury in this Court."). If the Plaintiff intends to proceed under the Court's admiralty jurisdiction, the Plaintiff must either remove the jury-trial demand from the complaint or file a memorandum by **June 17, 2019** explaining why a jury trial is permissible in this case.

Accordingly, the Court **strikes** the Complaint, (**ECF No. 1**), as a shotgun pleading. King may file an amended complaint by **June 17, 2019**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the *Iqbal/Twombly* standard. Specifically, King shall assert each theory of liability as a separate cause of action. And any legal conclusions that form the basis for those claims must be supported by good faith factual allegations. *See* Fed. R. Civ. P. 11(b); *Gayou*, 2012 WL 2049431 at *6 ("Upon re-pleading, however, [plaintiff] is reminded that any alleged breaches, and the duties associated therewith, must be consistent with federal maritime law and must be supported by underlying factual allegations.").

**Done and ordered**, in Chambers, in Miami, Florida on June 7, 2019.

_____
Robert N. Scola, Jr.
United States District Judge